# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert Murphy,**
**Claimant Below, Petitioner**

**v.)**      **No. 24-773** (JCN: 2021021646)
                    (ICA No. 24-ICA-153)

**ACNR Resources, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Murphy appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Murphy v. ACNR Resources, Inc.*, No. 24-ICA-153, 2024 WL 4602020 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision). Respondent ACNR Resources, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 25, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's orders granting 0% permanent partial disability for the instant compensable injury, finding that the claimant was fully compensated for the lower back in Claim No. 840011596,[2] and denying a reopening for additional permanent partial disability.

The claimant asserts that the claim administrator erroneously relied upon the prior ambiguous settlement, granting a total of 20% permanent partial disability, in Claim No. 840011596, and granted no permanent partial disability for a separate, distinct level lumbar herniated disc in the instant claim, for which the claimant had authorized surgery, with left sided radiculopathy. The claimant argues that the 20% permanent partial disability granted in the prior claim does not represent a "definitely ascertainable impairment" for the lower back, pursuant to

---

[1] The claimant appears by counsel M. Jane Glauser, and the employer appears by counsel Aimee M. Stern.

[2] The claimant also has a workers' compensation claim out of Florida. However, "[t]he Florida claim was not mentioned by [Prasadarao B. Mukkamala, M.D.,] in his conclusion that [the claimant] had no additional impairment resulting from the present claim." *Murphy*, 2024 WL 4602020, at *2 n.2.

West Virginia Code § 23-4-9b,[3] because it could have included other types of impairments such as psychiatric impairment. The claimant argues that the settlement agreement in Claim No. 840011596 also provided that the claimant was not compromising his rights to future re-openings and disability determinations. The claimant further argues that a new diagnosis was added to the instant claim after the independent medical evaluation by Prasadarao B. Mukkamala, M.D. Therefore, the claimant argues that this Court should reverse the ICA and remand this case to the claim administrator for a reopening to consider an additional permanent partial disability award following a new and comprehensive independent medical evaluation to apportion impairment between the instant compensable injury and the claimant's two previous workers' compensation injuries.

The employer counters by arguing that the ICA did not err in affirming the Board of Review's finding that the claimant suffered no additional permanent partial disability for the lower back based upon Dr. Mukkamala's report and supplemental report, and the permanent partial disability award granted to the claimant in Claim No. 840011596. The employer further argues that the ICA did not err in affirming the Board's determination that the claimant failed to demonstrate an aggravation or progression of the instant compensable injury to require a reopening of this claim for an additional permanent partial disability award because the claimant's medical records did not show any aggravation or progression. Therefore, the employer argues that the ICA and the Board of Review should be affirmed. In reply, the claimant argues that, in showing that there is "definitely ascertainable" prior impairment under West Virginia Code § 23-4-9b, the employer must prove that the preexisting conditions contributed to the claimant's overall impairment after the compensable injury and must show the degree of impairment attributable to the claimant's preexisting conditions.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[3] West Virginia Code § 23-4-9b provides that, unless there is a permanent total disability, a preexisting disease or injury "shall not be taken into consideration in fixing the amount of compensation allowed by reason of the subsequent injury."